If Dunkerson had individually indorsed these drafts, or in any way incurred a separate individual liability on them, the preference claimed by the bank might perhaps be allowed. At least it is so held under the English bankrupt law. But it is much doubted whether, even in that case, such preferences would be given in the United States. See Mead v. National Bank of Fayetteville [Case No. 9,366]; In re Farnum [Case No. 4,674].

## Case No. 4,159.

In re DUNKERSON et al.

[4 Biss. 323;[1] 12 N. B. R. 391; 1 N. Y. Wkly. Dig. 179.]

District Court, D. Indiana. April, 1869.

[For prior proceedings, see Cases Nos. 4,156–4,158.]

Asa Iglehart, for Evansville Nat. Bank.
A. G. Robinson, for assignee.

McDONALD, District Judge. This case comes before me on a certificate of Charles H. Butterfield, Esq., register for the Evansville district. His certificate is as follows:

"This question arises upon the distribution of the assets in said matter, and embraces two classes of liabilities. One class embraces paper upon which the firm of R. K. Dunkerson & Co. is liable; and the other embraces paper upon which R. K. Dunkerson is liable, not individually, but as a member of the firm of Brown & Dunkerson, which last-mentioned firm was dissolved some years before the bankruptcy.

"The Evansville National Bank has proved in this case the following described notes, to wit: One promissory note drawn by Thomas E. Johns, Archie Baugh, and Joe C. Jones, and indorsed by Given, Watts & Co. and Brown & Dunkerson—amount $5,006.30. Al-

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

so three other notes, each for the sum of $5,-000, drawn respectively by E. Warfield, Watt F. Johnson, and J. D. Vance, and each indorsed by Given, Watts & Co., and by Brown & Dunkerson—said last-mentioned firm being composed, at the time of said indorsements, of William Brown and Robert K. Dunkerson, one of the petitioners in this matter. Upon these notes, R. K. Dunkerson is the only member of the firm of R. K. Dunkerson & Co. who is liable—his liability arising out of his connection with the firm of Brown & Dunkerson.

"In the distribution of the assets belonging to the firm of R. K. Dunkerson & Co. and the assets belonging to the individual members of said firm, the assignee insists that the dividend shall be made in the following manner, to wit: 1. The individual debts of R. K. Dunkerson shall be paid in full out of his individual assets. 2. The assets belonging to the firm of R. K. Dunkerson & Co. shall be distributed, pro rata, among all the creditors of R. K. Dunkerson & Co. who have proved their debts. 3. The individual assets of R. K. Dunkerson, remaining after paying his individual debts in full, shall be distributed pro rata, among all the creditors proving their claims, to whom R. K. Dunkerson was liable at the time of filing his petition in bankruptcy either as a member of the firm of R. K. Dunkerson & Co., or of the firm of Brown & Dunkerson.

"To this the Evansville National Bank objects, and insists that, after paying Dunkerson's individual debts, the surplus of his individual assets shall be merged in the assets of the firm of R. K. Dunkerson & Co.; and that said bank shall be allowed a dividend upon the amount of the notes above described out of the assets of the firm of R. K. Dunkerson & Co. after the individual assets of Dunkerson, left after paying his individual debt, shall have merged as aforesaid, the same as upon the amount due said bank from the firm of R. K. Dunkerson & Co."

That when a debtor is jointly liable as a partner and separately liable as an individual, partnership property must first go to the payment of the partnership debts and his individual property to the payment of his individual debts, is too well settled to admit argument or to require the citation of authority. In the present case it seems that the separate property of Dunkerson far exceeds his separate liabilities; and that the partnership property of the bankrupts, Dunkerson & Co., is far less than their partnership liabilities. It follows, therefore, that all the individual debts of Dunkerson must be fully paid out of his individual property; and that all the partnership assets of Dunkerson & Co. must be applied, so far as they will go, to pay the partnership debts. This conclusion, I think, nobody will dispute. And, if in this I am correct, the only point to be decided is, whether the said claim of the Evansville National Bank is a debt due by the partnership firm of Dunkerson & Co. This it

clearly is not. It is true that the debt due to the bank is a partnership debt; but it is due by the old firm of Brown & Dunkerson. This firm does not appear to have been declared a bankrupt. If it had, no doubt this debt due the bank ought to be paid pro rata out of the assets of that firm. But, so far as the firm of Dunkerson & Co. is concerned, the claim of the bank, beyond all doubt, is not a partnership debt, and is not entitled to any dividend out of the assets of that firm.

The mode of distribution insisted on by the national bank would, therefore, be plainly improper and unjust.

I fully agree with the register in his conclusion, that the individual debts of R. K. Dunkerson must first be paid in full out of his individual assets; that the assets of the bankrupts, Dunkerson & Co., shall be distributed pro rata among all their creditors who have proved their debts; and that the individual assets of R. K. Dunkerson, after first satisfying in full his individual debts, shall be distributed pro rata, among all the creditors who have proved their claims in this case, and to whom R. K. Dunkerson was, at the time of the filing of the petition in this case, liable either as a member of the firm of Dunkerson & Co. or of any other firm. And I direct that the register make the distribution accordingly. And I further order and adjudge that the Evansville National Bank pay the costs of this proceeding.